REDWINE *v.* METROPOLITAN LIFE INS. CO.

(*Knoxville,* September Term, 1941.)

Opinion filed November 29, 1941.

THOMAS, FOLTS & BROWN, of Chattanooga, for appellant.

M. B. FINKELSTEIN, of Chattanooga, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The Metropolitan Life Insurance Company issued an industrial policy insuring the life of Mattie Moore. Her husband, Samuel Moore, was the named beneficiary. If the named beneficiary predeceased the insured, payment was to be made to the estate of the insured. In 1925 Samuel Moore disappeared. Eleven years later Mattie Moore died. The courts below found as a fact that Samuel Moore was absent without explanation for seven years, and, basing their conclusion on the generally recognized presumption from unexplained absense, held that Samuel Moore was dead prior to the death of Mattie Moore.

The Insurance Company made a timely insistence that payment of the policy to the personal representative of Mattie Moore should be decreed only upon condition that an indemnity bond to protect the Insurance Company against the reappearance of Samuel Moore be executed. This contention was disregarded and recovery decreed against the Insurance Company, with no indemnity bond being exacted of the administrator. The Insurance Com-

pany petitioned for a review on the sole ground that the lower courts erred in not requiring an indemnity bond as a condition of payment of the claim under the policy. We granted *certiorari* and argument has been heard.

■ Counsel urge that the situation called for this relief as an exercise of discretionary equitable power. If it be conceded that the Court of Equity has this power, we are not convinced that the lower courts abused their discretion in declining to exercise it, if for no other reason, because it does not appear that the Insurance Company has exercised all diligence to avoid the situation of which it now complains, but rather that it has been negligent in failing to take steps plainly open to it for its protection in this regard.

■ The common law presumption of death from disappearance for seven years is well established. 25 C. J. S., Death, section 6, page 1055, and 16 Am. Jur., Death, section 24, page 23. The Insurance Company drafted the policy knowing this rule. Language requiring a bond could have been inserted. See *Mays* v. *Sovereign Camp,* 151 Tenn., 604, 271 S. W., 34, 40 A. L. R., 1266. In that case a provision that only proof of "actual" death would suffice was upheld. Our statutes which fix the provisions of life insurance policies in general do not apply to industrial policies, and their provisions admit of flexibility. Code, section 6184.

■ Petitioner having failed to employ this available method of guarding against this contingency, readily to be foreseen or anticipated, in the light of experience, is not in position to demand of the Court this peculiar protection, apparently without precedent, as an exercise of equitable jurisdiction. Equity aids the diligent, and extraordinary relief is not granted to one whose own neg-

ligence has brought about the condition from which he seeks relief.

The Court of Appeals found that the Insurance Company had failed to produce evidence on the trial apparently available to it on the issue of death, and rested denial of this equitable relief, at least in part, on this ground.

Moreover, while we cannot, of course, undertake now to forestall, or at present lay down rules for decision of any suit that may possibly be brought hereafter by the named beneficiary, if alive, we are not convinced that other remedies and defenses are not available to the Insurance Company in such an event, and the demand for this extraordinary equitable relief, therefore, appears less urgent.

It must be borne in mind that this is not a case of administering on a live person's estate. That is a grave matter, subject to fundamental constitutional difficulties, particularly the "due process" clause. See 16 Am. Jur., p. 23 (especially Note 15). *D'Arusment v. Jones,* 72 Tenn. (4 Lea), 251, 40 Am. Rep., 12, relied on for petitioner Insurance Company, so recognizes. For this reason among others, that case, the only one cited, is not controlling.

It is true that when instruments are lost and ordered re-executed in equity, indemnity may be exacted to protect against contingent liability. We find Bispham's "Principles of Equity" (tenth edition) says (Sec. 177, page 305):

"Indemnity can, indeed, be required in common law actions, especially in this country, where not only equitable principles, but also equitable practices, have been, in many instances, infused into the common law forms."

This, however, is in connection with a discussion of

lost instruments. We find no support here for the insistence that the Chancellor erred in not requiring an indemnity bond.

When the decree in this case was entered in the court of first instance, approximately fifteen years had elapsed since Samuel Moore had been heard from. We have been unable to find any case which suggests that, where a long established presumption from disappearance is relied upon, it is necessary for a claimant under an insurance policy to give an indemnity bond.

Affirmed.